**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

In re:

NEXGENESIS HOLDINGS LTDA.,
GENCOMM FINANCIAL SERVICES
DO BRASIL LTDA., GENCOMM INTERNET          Chapter 15
SERVICES DO BRASIL LTDA., and              Case No.: 22-14043-LMI
GENCOMM LOGISTICS SERVICES DO
BRASIL LTDA.,

Debtors in a Foreign Proceeding.
_____/

**NOTICE OF FILING JUNQUEIRA DECLARATION**

      Expertisemais Serviços Contábeis e Administrativos Ltda. (the "Foreign Representative," "Judicial Administrator" or "Expertisemais"), the duly appointed judicial administrator of the bankruptcy estate Nexgenesis Holdings Ltda., Gencomm Financial Services do Brasil Ltda., Gencomm Internet Services do Brasil Ltda., and Gencomm Logistics Services do Brasil Ltda. (jointly, the "Debtors"), hereby gives notice of filing the Declaration of Thiago Braga Junqueira.

Dated: March 26, 2024                    Respectfully submitted,

                                            **SEQUOR LAW, P.A.**
                                            1111 Brickell Avenue, Suite 1250
                                            Miami, Florida 33131
                                            Telephone: (305) 372-8282
                                            Facsimile: (305) 372-8202

                       By:    */s/ Nyana Abreu Miller*
                                    Gregory S. Grossman, Fla. Bar No. 896667
                                    ggrossman@sequorlaw.com
                                    Nyana Abreu Miller, Fla. Bar No. 092903
                                    nmiller@sequorlaw.com
                                    Maria Jose Cortesi, Fla. Bar No. 1024946
                                    mcortesi@sequorlaw.com

SEQUOR LAW, P.A.

**SERVICE LIST**

|  | Counsel Name(s) | Counsel Email Address |
|---|---|---|
| Rodrigo Panachi | Gustavo Bassoli Ganarani | gustavoganarani@yahoo.com.br |
| Fernanda Agresta Santos | Dr. Laio Gastadello Zambelo | contato@bga-adv.com |
| Luiz Celso Meissner Baptista | Marcelo Medina de Oliveira Campos | marcelomedinaoc@outlook.com |
| Denis Smetana Lopes | Arthur Zeger | arthur@zeger.com.br |
| Luiz Carlos Gianinni Tanisho | João Guilherme Monteiro Petroni, <br> Matheus Henrique Sucupira Traballe | joao.petroni@cgmlaw.com.br <br> matheus.traballe@cgmlaw.com.br |
| René Toshiro Abe | Fabio Polli Rodrigues, <br> Natália Mont Serrat Bueno Esteche, <br> Jamile Andrade Araujo | fabio@pollirodrigues.com <br> natalia.montserrat@pollirodrigues.com <br> jamile.andrade@pollirodrigues.com |
| Rakuten USA | Gary F. Eisenberg <br><br> David L. Rosendorf, Esq. | geisenberg@perkinscoie.com <br><br> dlr@kttlaw.com |
| Rakuten Group | Sergio Nascimento | spintimacoes@bermudes.com.br |
| Reginald Rasch | Gary F. Eisenberg <br> David L. Rosendorf, Esq. | geisenberg@perkinscoie.com <br> dlr@kttlaw.com |
| Elaine Zucchi | Aline Hungaro Cunha, <br> Eduardo Boccuzzi | aline@boccuzzi.com.br <br> eduardo@boccuzzi.com.br |
| Luis Henrique Pelizon | Ivo Bari Ferreira, <br> Renato Vilela, <br> Lygia Dias Ferreira | administracao@bvzadvogados.com.br |
| TOG Brazil Holdings Inc | Justin B. Elegant, Esq. <br> Clay B. Roberts, Esq. | JElegant@bergersingerman.com <br> CRoberts@bergersingerman.com |
| Mike Hahn | Justin B. Elegant, Esq. <br> Clay B. Roberts, Esq. | JElegant@bergersingerman.com <br> CRoberts@bergersingerman.com |

SEQUOR LAW, P.A.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:

NEXGENESIS HOLDINGS LTDA.,
GENCOMM FINANCIAL SERVICES
DO BRASIL LTDA., GENCOMM INTERNET
SERVICES DO BRASIL LTDA., and
GENCOMM LOGISTICS SERVICES DO
BRASIL LTDA.,

      Debtors in a Foreign Proceeding.
_____/

Chapter 15
Case No.: 22-14043-LMI

### **DECLARATION OF THIAGO BRAGA JUNQUEIRA**

I, THIAGO BRAGA JUNQUEIRA, hereby declare as follows:

1. I am over the age of 18 and, if called upon, could competently testify as to all matters set forth in this statement based upon my own personal knowledge, my analysis of Brazilian law, and my review of relevant documents in the Veil Piercing Action[1]. I personally have reviewed all documents and court filings referenced herein. My credentials and qualifications are contained in my prior declaration, which I made in support of the *Motion for Order Recognizing the Preliminary Injunction Entered by the Brazilian Bankruptcy Court* ("Motion") and was filed as Exhibit 2 to the Motion.

2. I can read and understand English and make this Declaration without the aid of a translator but, as English is not my native language, if called upon to testify, I could testify as to all matters set forth in this Declaration with the aid of a translator.

3. Together with PNA, I was hired by Expertisemais Serviços Contábeis e

---

[1] All terms not capitalized herein shall have the meaning given to them in the Motion for Order Recognizing the Preliminary Injunction Entered by the Brazilian Bankruptcy Court.

Administrativos Ltda, to act as counsel for the bankruptcy estates of Nexgenesis Holdings Ltda., Gencomm Financial Services do Brasil Ltda., Gencomm Internet Services do Brasil Ltda., and Gencomm Logistics Services do Brasil Ltda. (jointly, the "Debtors"), through their judicial administrator and duly recognized foreign representative, Expertisemais Serviços Contábeis e Administrativos Ltda. (the "Foreign Representative").

4. I make this Declaration to address certain procedural points raised in Rakuten USA, Inc. ("Rakuten USA") and Reginald Rasch's ("Rasch") Objection to the Motion for Order Recognizing the Preliminary Injunction Entered by the Brazilian Bankruptcy Court (the "Rakuten Objection").

5. In paragraph 41 of the Rakuten Objection, Rakuten USA and Rasch state:

> "…on March 31, 2022, Expertisemais sought and obtained the Ex Parte Order for the benefit of the bankrupt Companies, on an ex parte basis, without opportunity for Rakuten USA to be heard, in a secret Brazilian court proceeding whose docket is not publicly available."

6. The Injunction Order[2] was indeed entered on an *ex parte* basis in order to prevent the Responding from taking evasive action and undermining the purpose of the measure. However, after the Injunction Order was issued and served, each Respondent had an opportunity to present evidence and legal arguments both against the Injunction Order and on the merits of the Veil Piercing Action.

7. Although the docket of the Veil Piercing Action is not available to members of the general public, it is fully available to all Respondents, including Rakuten USA and Rasch. The only Respondents who have not sought or obtained access to the Veil Piercing Action docket are two individuals of Japanese nationality who have not been served in that action—Masayuki

---

[2] All capitalized terms not otherwise defined herein shall have the meaning ascribed thereto in the Motion.

Hosaka and Makoto Watanabe[3].

8. Respondents' docket access includes access to: (i) all papers filed by the Judicial Administrator in support of the Veil Piercing Action and the Injunction Order; (ii) all papers filed by all other Respondents; and (iii) appeals[4] and related papers regarding the Injunction Order.

9. As of the time of this Declaration, the status of the interlocutory appeals filed against the Injunction Order is as follows:

    a. As to Respondents Rakuten Group Inc., Rakuten USA, and Reginald Rasch—the Court of Appeals denied their interlocutory appeals. The respondents each filed a special appeal to the Superior Tribunal of Justice ("STJ"), which is pending review. There is no stay pending appeal to the STJ.

    b. As to Respondents Luiz Celso Meissner Baptista, Luiz Henrique Pelizon Loureiro and Denis Lopes—the Court of Appeals partially granted their interlocutory appeals only to determine the release of the accounts holding their wages (referred to as salary accounts). These decisions are final and unappealable.

    c. As to Respondent Rodrigo Panachi—the Court of Appeals denied the interlocutory appeal. The decision is final and unappealable.

    d. As to Respondent Luiz Tanisho— the Court of Appeals partially granted his interlocutory appeal only to determine the release of wages (referred

---

[3] Upon knowledge and belief, neither Masayuki Hosaka nor Makoto Watanabe are present in the United States.
[4] The appeals are publicly available dockets, except for those filed by Respondents Fernanda Agresta Santos, Denis Lopes and Rodrigo Panachi, who filed their appeals under seal.

        to as salary accounts). Respondent Tanisho filed a special appeal to the STJ, which is pending review. There is no stay pending appeal to the STJ.

    e. As to Respondent Fernanda Agresta Santos—the Court of Appeals partially granted the interlocutory appeal only to determine the release of wages (referred to as salary accounts). Respondent Santos filed a special appeal to the STJ, which was denied. The decision is final and unappealable.

10. Respondents TOG Brazil Holdings Inc. and Mike Hahn did not file any interlocutory appeals. The deadline to file any interlocutory appeals has now passed.

I, Thiago Braga Junqueira, declare under penalty of perjury under the laws of the United States of America, 28 U.S.C. §1746, that the foregoing is true and correct to the best of my knowledge and belief, based upon my own personal knowledge of the facts involved and upon my review of the available documents and filings pertaining to the matters set forth herein.

Executed in São Paulo, Brazil on 26th March 2024

_____

for and on behalf of Pinheiro Neto Advogados – as Counsel for Judicial Administrator in the Brazilian Proceeding